IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LLACG COMMUNITY INVESTMENT FUND,<br><br>Plaintiff,<br><br>v.<br><br>ESTATE OF BLANCA E. NAZARIO GONZALEZ, et al.,<br><br>Defendants. | CIVIL NO. 24-1396 (CVR) |

**OPINION AND ORDER**

This case began when Blanca Nazario González ("Mrs. Nazario") passed away in 2023 and her mortgage debt became outstanding. As a result, on August 13, 2024, Plaintiff LLACG Community Investment Fund ("Plaintiff") filed a mortgage foreclosure action in the Puerto Rico Court of First Instance, Ciales Part, against the Estate of Blanca E. Nazario González ("Defendant"), and the United States of America.[1] Carmen Yamel Santiago Nazario ("Mrs. Santiago") is Mrs. Nazario's daughter and heir to the Estate.

On September 3, 2024, Defendant removed the case to this Court based on diversity jurisdiction. (Docket No. 1). On October 10, 2024, Defendant filed a Counterclaim alleging that Plaintiff and/or its agents disposed of Mrs. Nazario's belongings before the end of an alleged (6) six-month term that Plaintiff had given Mrs. Santiago to retrieve the contents from the property being foreclosed. (Docket No. 15). Plaintiff then filed a "Motion to Dismiss Counterclaim" averring the counterclaim is time

---

[1] The property had a secondary lien in favor of the Secretary of the Department of Housing and Urban Development ("HUD"). (Docket No. 8, Exhibit 2, ¶ 7).

Case 3:24-cv-01396-CVR    Document 27    Filed 12/11/24    Page 2 of 5

LLACG Community Investment Fund v. Estate of Blanca E. Nazario González, et al.
Opinion and Order
Civil 24-1396 (CVR)
Page 2
_____

barred under Puerto Rico's one (1) year state of limitations for tort actions, P.R. Laws Ann. tit. 31, §§ 9496, 10801 (2020).[2] (Docket No. 21). Defendant denies this in its opposition and argues its counterclaim was timely filed. (Docket No. 24).

The applicable facts taken from the Counterclaim, are as follows: Mrs. Nazario passed away on April 5, 2023. (Docket No 15, ¶ 8). Mrs. Santiago notified Plaintiff's agent and HUD of her death on April 21, 2023. (Id., at ¶ 9). Three (3) months later (on or around July 21, 2023), Mrs. Santiago's cousin went to check on the house and found the locks had been changed and was unable to get inside. (Id., at ¶ 11). Mrs. Santiago was in communication with HUD from April 21, 2023 until November 1, 2023 attempting to resolve this situation. She last communicated with HUD and "the lenders" about the situation on November 1, 2023 and did not hear from them again. (Docket No. 24, p. 2, ¶ 4).

Plaintiff proffers the clock began to tick in July 2023, when Mrs. Santiago's relative was unable to enter the property and ended a year later, in July 2024. As the counterclaim was filed on October 10, 2024, over two (2) months afterwards, it is time-barred. Defendant's position is that the limitations period began to run instead on November 1, 2023, when Plaintiff stopped communicating with Mrs. Santiago, or conversely, on October 21, 2023, after the expiration of the alleged six (6) month period to remove the belongings from the house. According to Mrs. Santiago, it was on November 1, 2023, when she heard nothing more from Plaintiff, that she became aware of the "irreparable

---

[2] Defendant's counterclaim is based in tort due to Plaintiff's allegedly negligent actions, and therefore her claim is brought pursuant to Article 1536 of the recently amended Puerto Rico Civil Code, which replaced Article 1802 as Puerto Rico's general tort statute. "Articles 1536 and 1802 have provisions that are extremely similar and thus can be used interchangeably." Silvas v. Hilton Int'l of P.R., LLC, Civil No. 21-1597 (RAM), 2024 WL 404951 at *3 (D.P.R. Feb. 2, 2024); Banks v. Ashford 1369 Hosp. LLC, Civil No. 23-1055 (BJM), 2024 WL 3965603, at *2 (D.P.R. Aug. 28, 2024).

Case 3:24-cv-01396-CVR   Document 27   Filed 12/11/24   Page 3 of 5

LLACG Community Investment Fund v. Estate of Blanca E. Nazario González, et al.
Opinion and Order
Civil 24-1396 (CVR)
Page 3
_____

damage" Plaintiff had caused her and thus, the counterclaim was timely filed. (Docket No. 24, p. 2, ¶ 5). Defendant also asserts the continuing violation doctrine applies to these facts and it states the clock begins to tick "when the last acts or omissions are verified or the final result is produced, whichever is later." (Docket No. 24, p. 2, ¶ 7). The Court cannot agree with Defendant.

It is black letter law that tort claims are subject to the one-year statute of limitations provided by the Puerto Rico Civil Code. P.R. Laws Ann. tit. 31, § 9496 (2020); González Figueroa v. J.C. Penney Puerto Rico, Inc., 568 F.3d 313, 318 (1st Cir. 2009). A cause of action under this statute accrues, and the prescriptive period begins to run, when the injured party knew or should have known of the injury and of the likely identity of the tortfeasor. Tokyo Marine & Fire Ins. Co. v. Pérez & Cia., de Puerto Rico, Inc., 142 F.3d 1, 3 (1st Cir. 1998); Colón Prieto v. Geigel, 115 D.P.R. 232, 243 (1984).

Taking the allegations in the Complaint as true, as the Court must at this stage,[3] the Court finds the statute of limitations began to run on or about July 21, 2023, when Mrs. Santiago's cousin arrived at the house and was unable to enter. It is at this juncture that Defendant was aware of the harm, that the locks of her mother's home had been changed and she (or other family members) were unable to enter and have access to the contents, and that Plaintiff had caused this harm. Since the counterclaim was filed on October 10, 2024, over the one-year mark after the alleged harm occurred, it is time-barred.

---

[3] See Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009) (at the motion to dismiss stage, the court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs").

Case 3:24-cv-01396-CVR   Document 27   Filed 12/11/24   Page 4 of 5

LLACG Community Investment Fund v. Estate of Blanca E. Nazario González, et al.
Opinion and Order
Civil 24-1396 (CVR)
Page 4
_____

Defendant's argument that the counterclaim was timely because the continuing violation doctrine applies to this case is a non-starter.  The continuing violation doctrine applies when a number of discriminatory acts emanating from the same discriminatory animus cause a party harm, and at least one act occurred within the limitations period and anchors the other acts.  "The core of the continuing violation doctrine is that certain wrongful acts are continuing in nature and that in such case an action is timely if filed within the limitations period dated from the last occurrence of wrongdoing."  Joseph G. Cook and John L. Sobieski, Jr., Civil Rights Actions, ¶ 4.02 (Matthew Bender & Co. 2021). Its purpose is "to allow suit to be delayed until a series of wrongful acts blossoms into an injury on which suit can be brought."  Pérez-Sánchez v. Public Building Auth., 531 F.3d 104, 107 (1st Cir. 2008).  A party is deemed to know or have reason to know of the harm occurred "at the time of the act itself and not at the point that the harmful consequences are felt."  Marrero-Gutiérrez v. Molina, 491 F.3d 1, 6 (1st Cir. 2007).

Considering the facts of the case at bar, the Court finds the continuing violation doctrine is inapplicable.  There were no "series of wrongful acts" that suddenly "blossomed" into an injury to be later redressed.  Mrs. Santiago was well aware of the harm the moment it occurred, to wit, when her relative realized the locks at her mother's house had been changed and was barred from entering the property.  This is further evidenced by the fact that Mrs. Santiago complained and tried for several months to resolve the issue with HUD, albeit unsuccessfully.  There is nothing "ongoing" or "continuing" from Plaintiff's clear actions in changing the locks of a house it was repossessing.

Case 3:24-cv-01396-CVR    Document 27    Filed 12/11/24    Page 5 of 5

LLACG Community Investment Fund v. Estate of Blanca E. Nazario González, et al.
Opinion and Order
Civil 24-1396 (CVR)
Page 5
_____

In view of the foregoing, Plaintiff's "Motion to Dismiss Counterclaim" (Docket No. 21) is GRANTED and Defendant's Counterclaim (Docket No. 15) is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 11th day of December 2024.

                                        S/CAMILLE L. VELEZ-RIVE
                                        CAMILLE L. VELEZ-RIVE
                                        UNITED STATES DISTRICT JUDGE